for the reason that the record shows reversible error in the admission of evidence.

The plaintiff, over the objection and exception of the defendant, was permitted to testify that at a period of some five months prior to her dismissal from the defendant's service the latter came to her room one night, and, finding her alone, committed an assault upon her. The defendant objected to this line of testimony as incompetent, irrelevant, and immaterial, and sought subsequently to have it struck from the record; but it was permitted to go in, and to remain, and while it is true that the learned trial court, in its charge, dwelt upon the fact as indicating the doubtful character of the plaintiff's testimony, we are of the opinion that the error was not cured, and that the verdict of the jury ought to be set aside. This line of testimony had absolutely no bearing upon the question of whether the plaintiff and defendant entered into the contract alleged in the complaint some five years before the happening of this alleged assault, and the natural effect of such testimony would be prejudicial to the defendant. It therefore constitutes reversible error.

The learned trial court in a memorandum sets forth its reasons for denying the motion of defendant for a new trial, and admits that, "when the jury rendered a verdict for the plaintiff, I said that it was not in accordance with my view of the case, and, had I been sitting as a juryman, my verdict would have been for the defendant," but denied the motion. It further commenting the court says:

"It appears in evidence that, on a former trial of another controversy growing out of her troubles, another jury also believed her as against defendant."

But just what that has to do with this case it is difficult to understand. The facts in that case may have been entirely obvious. The material facts, so far as we know, may not have been disputed, or may have been established by testimony entirely apart from that of the plaintiff, who stands alone in this case upon every material issue. But in any event it was error to complicate a simple question of whether a contract was entered into in 1902 between these parties with evidence going to the establishment of a criminal assault on the part of the defendant, and for this reason the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

---

GAEBLER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.  January 15, 1909.)

1. EVIDENCE (§ 317*)—HEARSAY—ADMISSIBILITY.

Two men having testified to being together at the station when the accident happened and seeing decedent killed by the train starting while he was boarding it, one who got off at the station a few minutes after the accident testified that two men at the station when he got off told him that they saw decedent try to get on the train after it had started

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and fall under the car; but witness could not identify the men. *Held*, that the testimony was hearsay, and should have been stricken on motion, when it appeared that witness could not identify the men.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

2. TRIAL (§ 90*)—RECEPTION OF EVIDENCE—STRIKING IMPROPER EVIDENCE.

The trial court, after denying a motion to strike out hearsay testimony, could afterward strike it on his own motion.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 90.*]

3. APPEAL AND ERROR (§ 994*)—REVIEW—CREDIBILITY OF WITNESSES.

Two of plaintiff's witnesses testified that they were together at the station when the accident happened, and saw decedent killed by the train starting while he was attempting to board it; but three of defendant's employés and two other witnesses testified that plaintiff's two witnesses told them that decedent ran after the train and tried to get on after it started. *Held*, that the judgment for plaintiff would not be reversed on the ground of the lack of credibility of plaintiff's witnesses.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

Appeal from Trial Term, Queens County.

Action by Marie Gaebler, as administratrix of Charles G. Gaebler, deceased, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appealed. Affirmed.

Argued before WOODWARD, GAYNOR, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.
John De Witt Warner, for respondent.

GAYNOR, J. Two witnesses testified to being present together at the station where the accident happened, that no one else was there, and that they saw the deceased killed by the starting of the train while he was getting aboard. A doctor was on the following train, which seems to have come along in a few minutes, and he got off at the station. He testified for the defendant without objection that two of the men who were there told him that they saw the deceased try to get on the train after it had started, and fall under the car. He was then asked who they were, and said he could not identify them or tell who they were. The testimony was hearsay and would have been excluded if objected to; or when the witness answered that he could not identify them it should have been struck out on the plaintiff's motion, for some persons could have seen the accident from a distance, instead of being right there at the station with the said two witnesses. Instead, the motion was denied. The learned trial judge reconsidered the matter and afterwards struck the testimony out. This was an everyday occurrence and entirely proper. The history of how it was done, and of all that was said in the doing of it, is pointless. The grave thing is the credibility of the two eye witnesses of the plaintiff, for several witnesses—three employés of the defendant and two policemen—testified that they told them that the deceased ran after the

train and tried to get on it after it had started, but this court can scarcely reverse on that ground; the case is not clear enough.    ○

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.